*E-filed 9/22/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD O. HUCH,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant and Counterclaimant.<br>_____/<br><br>THOMAS HANAGAN aka TOM CORBIN,<br><br>    Additional Defendant on Counterclaim.<br>_____/ | Case No. C06-06641 HRL<br><br>**ORDER GRANTING SUMMARY JUDGMENT AGAINST COUNTERDEFENDANT HANAGAN** |

    In 1999, Tom Hanagan and Ronald Huch established Corbin Motors, a company that made three-wheeled automobiles. Ultimately, the company failed and went out of business.

    This action was filed by Huch to obtain a $400 refund of an amount he paid toward employment taxes owned to the United States by Corbin Motors. Not only did the United States dispute Huch's entitlement to the refund, it counterclaimed against him for over $141,000, as the balance due for unpaid employment taxes from periods of time when he—as an active principle of the business—was personally liable. The counterclaim also named Tom Hanagan, alleging that he, too was personally liable for unpaid employment taxes (for some periods overlapping

1 with Huch, and for some additional periods) in the amount of $626,154.32. (These unpaid taxes
2 are technically known as Trust Fund Recovery Penalties.)

The United States now moves for summary judgment against counterdefendant Hanagan. The court knows that he received the moving papers because he contacted chambers with reference to the motion. He did not, however, file any opposition nor did he seek continuance of the hearing. He also did not appear at the hearing. The court heard from counsel for the United States and took the motion under submission.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See* FED. R. CIV. P. 56(e); *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.*

//
//

2

## ANALYSIS

The government bears the burden of proof in an action to collect taxes; it usually carries its initial burden by introducing its assessment of tax due. *See United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). Assessments are presumptively correct, and "establish a prima facie case." *Id*. (citing *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *United States v. Molitor*, 337 F.2d 917, 922 (9th Cir.1964)). The presumption arises so long as the assessments are "supported by a minimal evidentiary foundation." *Id*. (citing *Weimerskirch v. Commissioner*, 596 F.2d 358, 360 (9th Cir.1979)). To lay the factual foundation for an assessment, the government must introduce "some substantive evidence." *Id*. (citing Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir.1982) (per curiam).

The government has submitted its Certificates of Assessment and Payment, and has introduced evidence that Hanagan failed to pay the all or part of the employee withholding taxes due in the third and fourth quarters of 2000, and all four quarters of 2001 and 2002. *See* Govt. Exhibit K. In deposition testimony, Hanagan acknowledged that Corbin Motors has delinquent tax liability and admitted his personal liability for the amount owed. Although he did not dispute the government's calculation of the amount, according to counsel for the government, Hanagan claimed that he should only be responsible for about $338,000. He offered no evidence to support this assertion and the argument is entirely unpersuasive.[1] By failing to submit any evidence at all, Hanagan has failed to carry his burden. The United States' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: 9/22/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] The government made a computational error in calculating Huch's tax liability, and Hanagan apparently thought the he should have the benefit of the error (even though his liability was calculated correctly).

3

**United States District Court**
For the Northern District of California

1  **\*Notice will be sent to counsel of record registered for E-filing. Counsel are responsible for providing copies to co-counsel who have not registered. A copy of this**
2  **order will be sent to:**

3  Thomas Hanagan
   301 Glen Falls Court
4  Hollister, CA 95023

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28